# CHARLESTON.

## MYLLIUS v. SMITH.

Submitted September 8, 1902.   Decided April 11, 1903.

1. COURT'S ORDER.
    An. order in a chancery cause entered "by consent of all parties represented by counsel, the pleadings and proofs are closed and this cause is submitted for a final adjudication," is binding upon all the parties who had, at the time of the entry of the order, appeared in the case.   (p. 183).

2. CONSENT DECREE.
    · A consent decree can only bind the consenting parties.   (p. 188).

3. TRUST DEED—*Husband and Wife.*
    Where there is a subsisting lien by deed of trust upon a piece of real estate, the property of the wife, and subsequently the husband with his own. means makes valuable imprivements thereon in fraud of the rights of his creditor who files a bill and succeeds in charging the value of the improvements so made thereon, on account of his debt, he has a lien on said improvements to the amount of the value thereof, subject to the deed of trust.   *Held:*  Error to require the deed of trust debt to be paid out of the amount decreed to plaintiff against the improvements.   (p. 189).

Appeal from Circuit Court, Upshur County.

Bill by Charles E. Mylius against J. L. Smith.   Decree for defendant, and plaintiff appeals.

*Modified.*

S. V. WOODS, for appellant.

YOUNG & McWHORTER, C. C. HIGGINBOTHAM, and G. M. FLEMING, for appellee.

McWHORTER, PRESIDENT:

Charles E. Myllius, who held a judgment against James L. Smith and Floyd G. Smith rendered in the circuit court of Upshur County October 15, 1887, for $2,200.00, filed his bill in the said circuit court in Nov. 1895, against James L. Smith and May Smith, his wife, Floyd G. Smith, John L. Smith, Wil-

liam Post, Perry L. Rohrbaugh and O. L. Rohrbaugh, for the purpose of charging certain parcels of real estate held by said May Smith, by conveyances, as the property of said James L. Smith and holding the improvement made on certain other lots of May Smith by James L. Smith, and for setting aside the deeds for said first mentioned lots as fraudulent, as to plaintiff's judgment, which conveyed the same to said May Smith and for a discovery as to Floyd G. Smith as to the title of three parcels of real estate which had been conveyed to his wife in 1882, and which had stood assessed in his name from the year 1882 until 1895, and that the equitable ownership of the same might be fixed in him and declared liable to the plaintiff's judgment and for general relief.

By deed dated September 15, 1876, John L. Smith and wife conveyed to May Smith, wife of James L. Smith, in consideration of $1,000.00 "$500.00 of which said John L. Smith remits in consequence of relationship which the said May Smith has to him, which $500.00 is to be deducted out of James L. Smith's portion of the father's (John L. Smith's) estate and the remaining $500.00 is to be paid in five annual installments from this date to be paid in saddles at cost valuation, for which deferred payments the said May Smith has this day executed her five notes to John L. Smith and upon further consideration that said May Smith shall pay annually to said John L. Smith the sum of twenty-five dollars so long as he may live.

Said ' conveyance was with general warranty to said May Smith for and during her natural life, remainder in-fee to the children to be begotten by her husband, James L. Smith, and in default of any children then in-fee to the heirs equally, of John L. Smith, reserving a vendor's lien to secure the payment of the $500.00 so to be paid in saddles and also the payment of the said annuity. Said property so conveyed was a lot in Buckhannon, on Locust street, containing about one-half acre. By deed dated the 24th of November, 1877, John R. Blair, administrator of the will annexed of I. N. Bennett, in consideration of $200.00, of which $66.67 was paid in hand, the residue in three equal annual payments, for which a vendor's lien was retained, conveyed to said May Smith a certain house and lot on the north side of Main street in the town of Buckhannon. By deed dated the 28th of July, 1891, Joseph C. Smith conveyed

to said May Smith, lot No. 44 on Cleveland avenue, in north
Buckhannon, in consideration of $100.00. By deed dated the
9th of August, 1892, Leonard Lance and wife in considera-
tion of $100.00, paid, conveyed to said May Smith lot No. 38
on Thurmond avenue, in North Buckhannon. By deed dated
April 7, 1892, Joseph C. Smith, in consideration of $200.00;
paid, conveyed to said May Smith lots Nos. 58 and 60, on Har-
rison avenue, North Buckhannon, and by deed dated the 27th
of January, 1893, William Post and wife in consideration of
the sum of $1,700.00 of which $700.00 was paid and $500.00
to be paid on January 27, 1894, and a like sum on the 27th of
January, 1895, for which deferred payments May Smith made
her two promissory notes, for the payment of which a vendor's
lien was retained, conveyed with general warranty to said May
Smith the one undivided one-half interest of a lot therein de-
scribed, on Main street in the town of Buckhannon, and by
deed dated the 24th of February, 1894, Lulu Maud Williams
and husband, conveyed to said May Smith, in consideration of
$29.00 lot No. 31 in the town of Hampton.

It is alleged in the bill that the said May Smith did not exe-
cute her notes as recited in the said first deed and did not pay
the said $500.00 in saddles or in any other manner to John L.
Smith; but that the same had been paid to said John L. Smith in
saddles or money belonging to James L. Smith, since the year
1882, and that the said annuity had likewise been paid by him,
that May Smith had never had the means to pay said $500.00
or the $25.00, except with the money and means derived from
her said husband, and that said conveyance of September 15,
1876, was made with intent to hinder, delay and defraud credi-
tors of John L. Smith and James L. Smith, of which intent
May Smith had notice, and that since plaintiff's cause of action
had accrued said James L. Smith, out of his own means, and
with the intent to hinder, delay and defraud his creditors, made
valuable improvements on said lot, worth not less than $500.00,
and That May Smith had notice of such fraudulent intent with
which such improvements were made. The bill further alleges
that the lot purchased from Blair, administration, was pur-
chased with the means of James L. Smith, and that he was the
equitable owner thereof; that May Smith never had the means
with which to buy or pay for the same, and that said lot was

kept in her name for the fraudulent purpose of placing it beyond the reach of her husband's creditors, of which purpose she had notice, and alleges that the lien retained in favor of Post, on the lot conveyed by him had been fully paid off, and that the lots conveyed to May Smith by Joseph C. Smith, Williams and Lance were purchased by her husband in her name with intent to hinder, delay and defraud his creditors, of which fraudulent intent May Smith had notice, and that all the purchase money for said several lots was derived by May Smith directly or indirectly from her husband, and that the same was his money and the produce of his labor, skill and economy, and that no part thereof was the money of May Smith, and that she was holding the title thereto for the fraudulent purpose of concealing the true ownership thereof; that James L. Smith, after plaintiff's cause of action accrued, carried on his saddlery business in the name of May Smith; that since the purchase of the lot from William Post, May Smith has erected a costly and valuable two-story business house costing not less than $2,000.00, the first floor occupied by a stock of general groceries by said May Smith, in her name, with a stock of not less than $500.00, which grocery business was under the control of James L. Smith, pretending to be the agent in respect thereto, of May Smith; that all the improvements made on the Post lot were made with the means of James L. Smith, and the stock of merchandise in the building was purchased with his means, and with the intent to hinder, delay and defraud the creditors of her husband, of which fraudulent intent she had notice; that to the extent the means and the labor of James L. Smith had gone into the house and lot on Locust street with the purchase or the improvement thereof since plaintiff's cause of action accrued the same was liable in the hands of May Smith to be charged to that extent with the payment of plaintiff's claim, and that to the extent that the said lot on Main street conveyed to May Smith on the 24th of November, 1887, was paid for by means or earnings of her husband after plaintiff's cause of action accrued, was liable to be charged as a claim due to the plaintiff; that all of the lots and each of them conveyed to her by Joseph C. Smith, Lance, Williams and Post were liable to be charged in her hands for the debt due the plaintiff; that all of the said improvements upon said Post lot were liable

to be charged to the extent of the value thereof in the hands of
May Smith for the debt of plaintiff; that all of the said stock
of merchandise was likewise liable for plaintiff's debt, upon
which debt an execution had been outstanding in the hands of
an officer of Upshur County since the ———— day of September,
1895; that James L. Smith and Floyd G. Smith were insolvent
and had so continued since the plaintiff's judgment was recov-
ered against them.

At December rules, 1895, the defendants, James L. Smith,
May Smith, Floyd G. Smith and John L. Smith, each filed an
answer to said bill denying all fraud and fraudulent intent or
notice of any fraud or such intent. James L. Smith denied the
allegations of the bill, that he had for the past thirteen years
carried on in Buckhannon a thriving and prosperous business
in the name of May Smith as a saddler and large dealer in sad-
dle supplies and other thriving employments he had carried on
in the same time in connection with his said business and by
reason of his skill, thrift and energy he had accumulated a
large sum of money over and above all the expenses of himself
and family since plaintiff's cause of action arose; that he did
not work as saddler or engage in the saddlery business for her,
but for Charles M. Smith, and that he had not made, since the
plaintiff's cause of action accrued, more than was necessary to
support his family, and that he only had what the law allowed
him to hold as exempt; that John L. Smith was respondent's
father, who had a right to dispose of his estate upon his death
to suit himself; that the $500.00 mentioned in the deed of
September 15, 1876, was a donation from said John L. Smith
to May Smith, respondent's wife; that May Smith executed to
John L. Smith the five notes in the deed mentioned; that said
John L. Smith was paid the first, second, third and fourth
notes at or about their respective maturities, and that at or
about the maturity of the fifth not John L. Smith gave the
same to May Smith, denied that he had any right, title or in-
terest, legal or equitable in the house and lot conveyed by said
deed; admitted that he paid to Blair the $200.00 for the lot
conveyed by him to May, the 24th of November, 1877, which
he intended as a gift to his wife; that he was at that time prac-
tically out of debt and had a right to do so; that plaintiff's
cause of action had not accrued until many years thereafter;

that May Smith had paid for all and every lot conveyed to her by Joseph C. Smith, William Post and Williams, out of and with her own money, which she did not, nor had she received any part thereof either directly or indirectly from respondent; denied that they were conveyed to her for fraudulent purposes; denied that the improvements on the Post lot made by May Smith cost more than $1,000.00, but which was paid for by May out of her own money; that all said real estate belonged to said May Smith and that respondent had no interest therein, either legal or equitable, and that any and all of the improvements made on said real estate or any part thereof were made at the request of said May Smith and paid for out of her own money which she did not derive either directly or indirectly from him. The answer of May Smith denied the allegation of the bill that James L. Smith had carried on in her name a prosperous business as saddler and dealer in saddler's supplies and had accumulated a large sum of money; she admitted that James L. Smith, her husband, had paid the $200.00 consideration for the lot purchased the 24th of November, 1877, from Blair, administrator, of Bennett; but averred that her husband was then practically out of debt and had the right to make her the gift, which he did; that plaintiff's cause of action against James L. Smith and Floyd G. Smith accrued many years thereafter, and denied that James L. Smith was the equitable owner of said lot and averred that she had paid for the Joseph C. Smith lots and Leonard Lance lot, the William Post lot and the Lulu H. Williams lot from her own funds which she derived from sources other than from her husband, and that he never had any interest in said funds or in said lots, and denied that said lots were conveyed to her with fraudulent intent to hinder, delay and defraud the creditors of her husband, and denied all knowledge of any such fraudulent intent on his part; averred that she had executed to John L. Smith the five promissory notes of $100.00 each, which were all paid at or about their respective maturity, except the last one which payee gave to respondent, and denied that said John L. Smith had been paid said annuity or any part of it, and denied that James L. Smith had out of his own means, with intent to hinder, delay and defraud his creditors, made permanent and valuable improvements and had erected a barn worth not less than $300.00, and that said improvements in the ag-

gregate made since plaintiff's cause of action accrued were worth not less than $500.00; and that she had notice of said fraudulent intent with which such improvements were made, and averred that all such improvements had been made by her and paid out of her own money, which she derived from sources other than from her husband, and that he never had any interest whatever in said money. The answer of Floyd G. Smith denied that for the past thirteen years he had accumulated, since plaintiff's cause of action had accrued, a large sum of money which he had invested; denied that since said cause of action accrued he had been engaged for himself in the marble business; but that his wife had been for many years the owner of a marble shop in Buckhannon, and that she employed him to work in said shop as a hand and to manage same for her, at $50.00 per month, which was not more than enough to take care of his family, and that he had not during that time accumulated anything in property or money, and that he was worth less than the law allowed him to hold as a husband and parent and averred that the real estate alleged in the bill as assessed to him was the real estate of his wife, in which he had no right, title or interest, legal or equitable; that she had owned the same many years, that the same was kept on the assessor's books in his name through the carelessness and mistake of the officers, as they were given frequent instructions to place said property on the books in the name of Mary E. Smith; that the personal property which respondent owned in 1882 and 1883 was applied by him many years ago on his debts. The answer of John L. Smith admitted the conveyance by him of the Locust street property to May Smith; that he made a present of the $500.00 of purchase money at the time to said May Smith; that she executed her five notes for $100.00 each; that the first four notes were paid as they fell due; that the fifth note he presented to said May Smith; that he retained a lien in said deed for the said annuity; that said annuity had not been paid nor any part thereof, and denied that the conveyance of said property of September 15, 1876, was made with the intent to hinder, delay and defraud the creditors of John L. Smith and James L. Smith. The bill and answers were verified.

At the November rules, 1897, plaintiff filed an amended bill alleging by way of amendment that the said James L. Smith,

although reputed insolvent, had been carrying on the business of retail liquor dealer in connection with his saddlery business; that he had made, at his saddlery business alone $1,000.00 a year, and in the liquor business had made large profits of not less than $1,000.00 a year; that he had an United States retail liquor license and no State license, and reiterated the allegations in regard to the purchase of other lots and the want of means on the part of May Smith, except as she derived the same from her husband; that the purchase money of the Post lots had been paid with the money of James L. Smith and the last payment of $500.00 due the 27th of January, 1895, then aggregating $560.00, was in fact paid to Post for May Smith, by C. P. Rohrbaugh, her father, who requested Post to assign said note to him without recourse, which was done; that the said $560.00 was the money of James L. Smith and that C. P. Rohrbaugh did not have said sum of money nor credit for that sum, and further that O. L. Rorhbaugh, the son of Perry, and brother of May Smith, after the pretended assignment had furnished the sum of $560.00 to pay the debt to Post, and that the assignment of the note should have been made to him, and that he was the holder of said note by assignment from C. P. Rohrbaugh. The bill alleges that this transaction was fraudulent and a mere shift and device of James L. Smith, his father-in-law and brother-in-law to place beyond the reach of his creditors $560.00 worth of real estate; that C. P. Rohrbaugh was then insolvent and entirely without means; that O. L. Rohrbaugh was a young man about thirty years of age, a telegraph operator who never had any real estate and never accumulated any personal property, living in Harrison county, a long distance from May Smith, his sister, and had not lived in Buckhannon for many years; had not had any social intercourse with his sister's family for many years, and his interests and associations were not at all in common with hers; that he did not have the sum of $560.00 to lend or to furnish to pay the said Post, and that he did not furnish it, and that his claim was a fraudulent scheme on the part of James L. and May Smith, of which said Rohrbaugh had notice, for hindering and delaying and defrauding the plaintiff in the collection of his debt, and had so hindered him by making this amended bill necessary; that the lien in favor of William Post was discharged and

that the $560.00 note, notwithstanding the assignment of which
the note in equity of James L. Smith and the Post note was
acquit and discharged from any encumbrances thereon; that
said James L. Smith kept a bank account in one of the banks
in Buckhannon in which he deposited from time to time large
sums of money in the name of May Smith; but it was the money
and effects of. James L. Smith made and carried on in her
name, with intent to hinder, delay, etc., of which intent May
had notice; that since the institution of this suit James L.
Smith had erected on the Blair lot a good one-story brick house
well furnished, the cost of which was not less than $600.00;
that the same was built by said James L. Smith out of his own
means and substance on the lot of his wife, with intent to hinder
and delay plaintiff in the collection of his debt of which said
May Smith had notice, and prayed that the Post lot might be
declared the property of James L. Smith and the lien thereon
discharged; that the $500.00 note held by O. L. Rohrbaugh
might be canceled; that the improvements upon the Blair lot
be charged with plaintiff's debt to the extent thereof and the
house and lot on Locust street be charged with the improve-
ments thereon by James L. Smith and plaintiff's debt decreed
to him, and for general relief.

On the 5th of March, 1898, the record shows that the fol-
lowing order was entered in the cause: "This day came the
parties by their attorneys and by consent of all the parties repre-
sented by counsel the pleading and proofs are closed and this
cause is submitted for a final adjudication and leave is given
the parties who may so elect to file written arguments herein,
and thereupon Mr. Woods, counsel for the plaintiff, filed his
written argument and the court takes time to consider of his
decree herein."

Immediately preceding the order just quoted there appears
copied in the record, but without any date, the same order with
the words "represented by counsel" left out. On the 17th of
February, 1899, May Smith and James L. Smith filed their
demurrer to the amended bill, assigning reasons therefore al-
though the order filing the demurrer only refers to it as the
demurrer of May Smith and in the same order the said May
Smith, James L. Smith and O. L. Rohrbaugh each filed his
separate answer to the amended bill and leave was given to the

plaintiff to reply generally or specially to said answers or any of them within sixty days.

The said demurrer and three several answers were excepted to by plaintiff because interposed and filed after the consent order closing the pleading ·and proofs and submitting the cause for final adjudication and the answer of O. L. Rohrbaugh was excepted to for the further reason that it was not signed by counsel and was filed without authority. On the 12th of June, 1889, the court having considered the exceptions endorsed by the plaintiff to the demurrer and to the answers of said James L. Smith, May Smith and O. L. Rohrbaugh, sustained the said exceptions as to the demurrer and as to the answers of James L. Smith and May Smith; but overruled the same as to the answer of O. L. Rohrbaugh, and leave was granted plaintiff, at any time wtihin sixty days to examine said Rohrbaugh upon reasonable notice to him and to May Smith and James L. Smith.

William Post tendered his answer to the amended bill setting up his deed of trust made by May Smith and her husband, dated the 3rd day of November, 1896, to G. M. Fleming, trustee, conveying two parcels of real estate in the town of Buckhannon, the one on Main street, known as the "Blair lot," the other situate on Locust street, the same conveyed by John L. Smith and wife by deed dated the 15th of September, 1876, to secure the payment of a loan of $330.00, and averring that his said deed of trust was an abiding lien upon said properties and that the $330.00 was for money loaned in good faith to said May Smith, and that he was entitled to be paid in full out of the proceeds of the sale of said properties. 

Depositions were taken and filed in the cause, and on the 15th of June, 1900:

"This cause came on this day to be heard upon the original bill and exhibits herewith filed October Rules, 1895, taken for confessed against all of the defendants, process duly executed upon all of the defendants, proceedings at rules regularly had and matured, upon the separate answer thereto of Floyd G. Smith, May Smith, James L. Smith and the answer of John L. Smith, praying for the enforcement of his vendor's lien for an annuity of $25.00 upon the Locust street house and lot in Buckhannon, conveyed to May Smith September 15, 1876, and general replication to each of said answers, and upon all former

orders and decrees thereon, upon the amended bill filed therein at November Rules, 1897, exhibits therewith, process thereon duly executed upon all of the defendants, proceedings at rules regularly had and matured thereon, the amended bill taken for confessed against all of the defendants, to wit: John L. Smith, James L. Smith, Floyd G. Smith, May Smith, Wm. Post and Perry L. Rohrbaugh, upon all of the depositions taken on behalf of the plaintiff and filed herein as follows: On the 22d day of September, 1899, the 11th day of October, 1897, and on the 1st day of September, 1899, upon the deposition taken on behalf of the defendants and filed herein on the 4th day of August, 1897, and the exceptions thereto of the plaintiff endorsed on the 3d day of October, 1898, upon page 88 thereof, as to the deposition of O. L. Rohrbaugh, upon the depositions of the defendants filed October 1, 1896, and the deposition and exhibits with the deposition of O. L. Rohrbaugh filed herein September 26, 1899, and the six exceptions to that deposition endorsed thereon by the plaintiff October 3, 1899, upon the consent order entered in term on the 5th day of October, 1898, submitting this cause and closing the pleadings and proofs, upon the answer of O. L. Rohrbaugh, James L. Smith and May Smith, all in the same hand-writing, and upon the demurrer to the amended bill by James L. Smith and May Smith in the same hand-writing, tendered in open court on the 17th day of February, 1899, after the adjournment of said October term, 1898, and after the said consent order had been entered, and upon the exception of the plaintiff endorsed upon each of said answers and to the said demurrer to the amended bill, and upon the order of the court sustaining the exception thereto, except as to the answer of O. L. Rohrbaugh, as to which the court overruled the exception and expunging the same and said several answers, except that of O. L. Rohrbaugh, from the record, upon the two "Pierce memorandum books," filed with the deposition of May Smith and endorsed in "red ink" by the notary public, "May Smith Memorandum No. 1," and "May Smith Memorandum No. 2," respectively, and upon the bank book and all of the bank checks filed with the deposition of May Smith and James L. Smith, and upon all former orders and decrees herein, upon the answer of Wm. Post this day filed herein and general replication, upon the special replication

thereto tendered by May Smith, and upon motion of plaintiff and upon his objection thereto rejected by the court, and upon the argument of counsel." And after decreeing the judgment of plaintiff against the defendants, James L. Smith and Floyd G. Smith, including interest amounting to $4,026.35, on the 14th day of June, and costs, the court further decreed as follows: "And the court now proceeding to pass upon the other questions arising upon the pleadings and proofs in the cause is of opinion and doth adjudge that May Smith has shown herself entieled to the lot conveyed to her by *Leanard* Lance, by deed dated the 7th day of August, 1892, and to two lots conveyed to her by Joseph C. Smith, by deed dated the 7th day of April, 1892, being lots 58 and 60 in North Buckhannon, acquit of any liability to the plaintiff, and same are accordingly adjudged to be free from all liability to him.    And the court is of opinion and doth accordingly adjudge, order and decree that the lots and land hereinafter mentioned are liable to be charged, in the hands of May Smith, with the debts herein decreed to the plaintiff, who hath acquired a lien thereon for the amount of his debt herein decreed as of the 11th day of September, 1895, by the institution of this suit, and the manner hereinafter set forth, that is to say, that the lot conveyed to May Smith by Lulu M. Williams and her husband of the 21st day of February, 1894, being lot 31 in the town of Hampton, and the lot conveyed by Joseph C. Smith to May Smith on the 28th day of July, 1891, being lot No. 44 in North Buckhannon, on Cleveland avenue, and the Post lot on Main street in the town of Buckhannon, being the lot conveyed to May Smith by William Post, by deed dated the 27th day of January, 1893, the Post lot being first subject to a vendor's lien thereon which the court finds to exist to and decreed to be due O. L. Rohrbaugh, assignee of Perry L. Rohrbaugh, who was the assignee of Wm. Post, for one of the original purchase money notes of five hundred dollars, which note is dated the 27th day of January, 1893, and payable in two years thereafter, with interest from its date, now aggregating the sum of $721.25, and the court doth adjudge all the other purchase money upon said lot to be paid out "of" the lien therefor discharged.  And the court doth further adjudge, order and decree that the Locust street house and lot conveyed as aforesaid, on the 15th day of Sep-

tember, 1876, to May Smith by John L. Smith is liable to be
charged in her hands for the relief of the plaintiff, with the
improvements thereon made by James L. Smith, to the extent
of one hundred dollars, with interest thereon from the 11th day
of September, 1895, subject, however, to a prior vendor's lien
now fixed by the court and to be paid to John L. Smith out
of the proceeds of the sale thereof for twenty-five dollars a
year, now aggregating $971.70, with interest thereon from this
date and to continue for the period of his natural life, begin-
ning next on the 15th day of September, 1900, and accruing
annually thereafter, and the court doth adjudge all the other
purchase money thereon to be paid.   And the court doth further
adjudge that the said Blair lot in the hands of May Smith is
liable to be charged in favor of the plaintiff to the extent of
$600.00, with interest thereon from the filing of the amended
bill on the 1st day of November, 1897, for improvements
thereon made by James L. Smith, but the said sum of $600.00,
with interest so charged upon the said Blair lot, is charged by
the court to be liable for the satisfaction of the residue unpaid
to Wm. Post under his deed of trust thereon, which the court
finds to be $460.20, with interest thereon from this date." And
providing that in default of payment by said Floyd G. Smith
and James L. Smith providing that the said properties should
be sold by a commissioner then appointed for that purpose;
from which decree the plaintiff appealed and assigned as er-
rors, in decreeing that the lot purchased by May Smith from
Leonard Lance and the two lots purchased by her from Joseph
C. Smith were not liable to be charged with the claim of plain-
tiff; in that it decreed to plaintiff no more than $100.00 as a
charge upon the Locust street house and lot, to make a charge
of $100.00 in favor of plaintiff upon the Locust street house
and lot subject to the vendor's lien thereon in favor of John
L. Smith; to permit the $600.00 charged upon the improve-
ment placed upon the Blair lot in favor of plaintiff to be di-
minished to the extent of $460.20, in favor of Post; to decree
William Post said last amount out of the improvements on the
Blair lots when he had both the improvements and the fee in
the Blair lot and also the fee in the Locust street house and
lot bound by his deed while the plaintiff had only the improve-
ments upon the Blair lot out of which to seek satisfaction for

his claim; to decree Post his said claim as a charge upon the Blair lot because he was a *pendente lite* purchaser having obtained his deed of trust more than a year after the filing of plaintiff's bill; to charge the Post lot on Main street with a vendor's lien in favor of O. L. Rohrbaugh for a sum of $721.24; to hold that a vendor's lien existed upon the Post lot for $721.24, the bill charging the lien to be discharged and the bill stood taken for confessed; to permit O. L. Rohrbaugh to file an answer in the cause after a consent decree had been entered which closed the pleading and proof and submitted the cause for final adjudication; not to sustain the exceptions endorsed upon the answer of O. L. Rohrbaugh; to permit any pleading or demurrer after the consent order which closed the pleading and proofs and submitted the cause for final adjudication; to decree any purchase money on the Locust street house and lot in favor of John L. Smith, without decreeing that petitioner was entitled to be substituted to the $500.00 lien and purchase money paid by James L. Smith.

The defendants filed cross assignments of error as follows: The court erred in overruling their demurrer to the amended bill; in sustaining appellant's exception to the several answers of May Smith and James L. Smith to the amended bill; in decreeing to appellant $100.00 as a charge upon the Locust street house and lot; in making the Post house and lot on Main street liable to appellant's debt; in making the Blair house and lot liable (to the extent of $600.00) to the appellant's debt, or any part of it; in making the lot in Hampton, conveyed to May Smith by Lulu Williams, liable to appellant's debt; in making lot No. 44 on Cleveland avenue in North Buckhannon, liable to appellant's debt; in taking the amended bill for confessed against them.

It is insisted by counsel for appellant that the whole controversy in this cause depends "and must hinge upon the consent decree which was entered in the cause by consent of all the parties submitting the cause and closing the pleading and proofs upon the amended bill, which then stood taken for confessed against every single defendant thereto." At the time of the entering of the consent decree the only parties, defendant, who had appeared in the cause were James L. Smith, May Smith, Floyd G. Smith and John L. Smith, who had appeared

and filed their several answers to the original bill. The consent order, which the record shows was entered on the 5th day of March, 1898, shows that it was entered by consent of all the parties represented by counsel. This order is entered in the record under a proper heading showing that it was entered in open court, while another similar order in every other respect, but omitting the words "represented by counsel," is copied into the record, but nothing to show that it was entered in the order book.

It is well settled as to the effect of a consent decree or order, as said in *Morris* v. *Peyton,* 29 W. Va. 201, page 212: "As such a decree is not the judgment of the court upon the merits of the case but the act of the parties to the suit, it is obvious, that it cannot be modified, set aside or annulled by any order in the cause made by the court below without the consent of all the parties to the cause, unless set aside during the same term of the court, which would leave matters in the same condition as if it had never been entered. Nor can it be appealed from, nor modified by this Court, unless perhaps, it should be so entirely foreign to the matters in controversy in the cause, that for this or some other reason the court below had no jurisdiction or authority to enter any such decree by consent or otherwise." *Manion* v. *Fahy,* 11 W. Va. 482; *Rose & Co.* v. *Brown,* 17 W. Va. 649; *Seiler* v. *Union Manufacturing Co.,* 50 W. Va. 208; 2 Beech. Md. Eq. Pr., sec. 785. That all the parties who had entered appearance prior to the entering of said order was bound thereby there can be no question. The court afterwards permitted the filing of the demurrer to the amended bill by May Smith and James L. Smith and the answers of the same defendants and O. L. Rohrbaugh to the amended bill, which demurrer and answers were excepted to, which exceptions were sustained as to the demurrer and answers of James L. Smith and May Smith; but overruled as to the answer of O. L. Rohrbaugh. The order qualified the consent to the defendants represented by counsel. Neither O. L. Rohrbaugh nor William Post had entered an appearance up to that time. At the final hearing on the 15th day of June, 1900, defendant Post, filed his answer without exception or objection and to which the plaintiff replied generally, from which it would appear that it was not then even claimed that Post was bound by the order.

A consent decree can only bind the consenting parties. In the answer of William Post he sets up his trust lien upon the Blair lot on Main street and upon the Locust street property securing to him the payment of $330.00 loaned to May Smith, November 3, 1896, a year after the institution of this suit. It is insisted by appellant that Post in taking said trust deed was a *pendente lite* purchaser and chargeable with notice of all the facts which the record of this suit discloses. It is true William Post was a party to the original bill, but the only allegation therein against him was that all the purchase money due him on the lot had been paid. The bill showed on its face that the plaintiff had no claim as against the Blair lot because it was conveyed to May Smith some seven years prior to the time plaintiff's cause of action accrued against James L. Smith and Floyd G. Smith.

The case of plaintiff failed as to the said Blair lot, and the improvements made thereon were only attacked by the amended bill which was filed after the execution of the deed of trust to Post. In order to affect the rights of Post, as *pendente lite* purchaser as to improvements made on the Blair lot the deed of trust must have been executed subsequent to the filing of the amended bill attacking said improvements; *Woods* v. *Douglass,* decided at this term. Post has a valid lien upon the property conveyed by the trust deed and prior to the lien of plaintiff; but, why the amount of the Post debt should be deducted from the $600.00 charged in favor of plaintiff upon the improvements upon the Blair lot is hard to understand, or why it should be paid out of that particular part of the property. The doctrine of marshalling assets does not apply here; there are no two funds or two properties involved where one creditor has two funds and another but one for security; the Blair lot and the improvements thereon constitute one property and Post's trust is a lien upon the whole, and prior to plaintiff's charge upon the improvements, but amply sufficient to pay both claims, that is, Post's claim in full and the $600.00 only in case this one property should prove insufficient to pay both, then Post could be required to go upon the Locust street lot for any residue; but, it is contended on the other hand, I suppose, because it is shown by the deposition of William Post, that the money he loaned May Smith went into the improvements on the Blair

lot; that the improvements are relieved from plaintiff's claim to that extent, but this cannot avail her under the pleadings, because it is alleged in the amended bill that the improvements were erected on said Blair lot at a cost and value of not less than $600.00 "by James L. Smith out of his own substance and by his own direction on the lot of his wife, May Smith, with intent to hinder and delay plaintiff in the collection of his debt, of which May Smith has had notice," which under the consent order closing the pleading and proofs and submitting the cause, stands taken for confessed as to both James L. Smith and May Smith, as to said allegation.

The court erred in providing in the decree that the trust deed of Post should be deducted out of the $600.00 allowed plaintiff as the value of said improvements. It is claimed as error to make the charge of $100.00 in favor of plaintiff upon the improvements on the Locust street house and lot subject to the vendor's lien thereon in favor of John L. Smith. John L. Smith conveyed to May Smith the Locust street property, reserving his vendor's lien thereon to secure the payment of an annuity of $25.00. This annuity had accumulated until at the date of the decree it amounted to $971.70, which was a valid lien upon said property and superior to all other liens. Of course any improvements that were placed upon the property became liable to said lien and hence his security was enhanced to the extent of the value thereof, and the appellant raises the same question here as in relation to the Post deed of trust on the Blair property; he also raises the same question in relation to the vendor's lien assigned by Post to C. P. Rohrbaugh and by C. P. Rohrbaugh to O. L. Rohrbaugh. The latter furnished the money to his father to pay the last purchase note from William Post, which with interest amounted to $560.00. C. P. Rohrbaugh took an assignment from Post of the note to himself and afterward assigned the same to O. L. Rohrbaugh, in whose favor the decree was rendered enforcing his vendor's lien to pay said note. Rohrbaugh said when his father assigned the note to him he had taken as collateral security a life policy on the life of his father for $2,500.00, and it is contended by plaintiff that he should be required to get his money out of the life insurance policy and not out of the Post property. The taking of said collateral security was a

matter between the Rohrbaughs and it does not appear that the elder Rohrbaugh ever had any interest in the note. It is shown that the younger Rohrbaugh furnished him the money to take up the note and have the same assigned to him; but instead of doing so, he had the assignment made to himself. The vendor's lien was a valid subsisting lien and Rohrbaugh had a right to its enforcement and there is no reason given why the elder Rohrbaugh should be subject to any liability for the note, and it does not appear why he should have given him any collateral security therefor.

It is contended by appellant that it was error to permit O. L. Rohrbaugh to file his answer after the consent decree was entered and not to sustain the exceptions endorsed upon the answer. These assignments have been sufficiently answered in discussing the said consent decree.

Rohrbaugh had put in no appearance prior to the making of his answer and was not bound by the consent decree. Counsel for appellant contends that because the answer of O. L. Rohrbaugh is in the same hand-writing or by the same counsel as are the answers of defendants, James L. Smith and May Smith, he must have been represented by counsel at the time the consent order was made. This, by no means follows; his employment of counsel must date from the time he verified his answer and his appearance in the cause from its filing. It is also said that it was error to decree in favor of Rohrbaugh as assignee of C. P. Rohrbaugh when the amended bill stood taken for confessed against C. P. Rohrbaugh. The answer of O. L. Rohrbaugh was sufficient upon which to establish his claim without reference to the status of the elder Rohrbaugh, who really had no interest in the matter and never had any. Exception is taken by appellant to the deposition of O. L. Rohrbaugh because unreasonably protracted and delayed by many continuances thereof from day to day.

Plaintiff had due notice of the time and place of beginning the taking thereof, yet he entirely ignored the matter and entered no appearance on the day set for the taking, nor at any other time and the non-appearance of the witness is reasonably and sufficiently explained in his deposition. The plaintiff was not prejudiced by the taking of the deposition at the time

it was taken any more than he would have been if it had been taken on the day fixed in the notice for the taking.

It is insisted by appellant that the court erred in decreeing any purchase money on the Locust street house and lot, in favor of John L. Smith, without decreeing that petitioner was entitled to be substituted to the $500.00 lien for purchase money, paid by James L. Smith. It appears that a lien was reserved for the payment of five notes of $100.00 each, to be paid in saddles; it further appears that four of said notes were paid as they came due, by James L. Smith, and that the last of said notes was paid a year or so before the difficulty between James L. Smith and F. G. Smith, with plaintiff, Myllius, which occurred on the 10th day of February, 1883, out of which plaintiff's cause of action arose. It appears from the original bill that plaintiff's action of trespass against the Smiths' was instituted on the 15th of February, 1883, and the last note fell due September 15, 1881, so that all of said notes must have been paid some time prior to the time when plaintiff's cause of action arose. The lien reserved by John L. Smith, to secure the annuity of $25.00 is superior to all other liens upon the Locust street property. The assignment of appellant that the court erred in decreeing no more than $100.00 as a charge upon the Locust street property is not well taken because that is as much as is proven to be the value of the improvements placed upon it by James L. Smith, after plaintiff had a cause of action against him.

As to the cross assignments of error, the first, second and third go to the action of the court in overruling the demurrer of the defendants, James L. Smith and May Smith, and in sustaining appellant's exception to the answer of said May Smith and James L. Smith, to the amended bill and the tenth in taking the amended bill for confessed. These parties were both bound by the consent order entered closing the pleading and proofs and submitted the cause. The fourth assignment goes to the $100.00 decreed in favor of appellant, as a charge upon the Locust street house and lot, and the fifth, sixth, seventh and eighth go to the decree affecting the Post house and lot, on Main street, with $600.00 improvements on the Blair lot and the other lots mentioned as being liable to appellant's

debt. As to the Blair lot that has been disposed of under the assignment of error thereon by appellant.

Quite a mass of testimony was taken in the case and it appears that up to the time of the difficulty between the plaintiff and the defendants, Floyd G. and James L. Smith, said James L. Smith was carrying on a profitable business in the town of Buckhannon, after which difficulty he became very suddenly insolvent and his wife, who had never engaged in any business before, and was shown to have had but little property, as suddenly began to carry on the same business that James L. Smith had been carrying on, he conducting the same in her name. It is shown that she borrowed considerable sums of money from different parties at various times and that there were paid to her sums for rent and board, a large part of which rents were paid to her by her husband, James L. Smith, and it is shown by her own testimony that out of the rents paid to her by her husband she paid on some of the lots purchased; but it is not clearly and definitely shown that the properties which were made liable to the plaintiff's debts by the decree were paid by her out of her own funds derived from others than her husband. Upon a careful inspection of all the evidence it appears that the decree of the circuit court is fully sustained in all respects except, where it makes the $600.00 allowed to plaintiff as a charge upon the improvements on the Blair lot subject to be reduced by the sum of $460.20 with interest to be paid to Wm. Post, in which respect the decree is modified by requiring the whole of said $600.00 with its interest to be charged against said improvements in favor of plaintiff, and the whole decree with such modification is affirmed.

*Modified.*