# Wheeling.

Rose & Co. *et al.* v. Brown *et ux.*

Decided April 9, 1881.

1. Where the question is, whether it is proper to sell or rent real estate to pay the debts charged upon it, and the defendant "asks, that it be rented instead of sold," and the complainants "assent thereto," and the court decrees thereupon, that it shall be rented instead of sold; this is a consent decree as to such question.

2. After the termination of the term, at which a consent decree was entered, it can never be set aside, except by consent, by any proceedings in that cause; though it had been entered by mistake or by the fraud of one of the parties. *Manion* v. *Fahy,* 11 W. Va. 482.

3. Where a decree directs property to be sold or rented, without directing whether it shall be offered as a whole or in parcels, the commissioner must in the interest of the parties to the suit, in his discretion offer it for sale or rent in that manner, which will in his judgment bring the most money.

Appeal from and *supersedeas* to two decrees of the circuit court of the county of Jefferson, one made on the 20th day of November, 1877, and the other on the 26th day of April, 1878, in a cause in said court then pending, wherein J. Rose & Co. and others were plaintiffs and J. B. Brown and wife were defendants, allowed upon the petition of said defendants.

Hon. John Blair Hoge, judge of the third judicial circuit, made the decrees appealed from.

JOHNSON, JUDGE, furnishes the following statement of the case:

82

This cause has been once before this Court and decided, 11 W. Va. 122; and the court held, that the property conveyed to the wife of Jacob B. Brown by her husband was liable for his debts. But the court reversed the decree of the court below on the ground principally that no day was given in the decree for the defendants to redeem the property. While the opinion of the court showed, that the defendants would have had the right to have the court ascertain, whether the defendants' property would in a reasonable time rent for sufficient to pay the liens charged upon it, and if so, it would have been the duty of the court to decree a rental of the property instead of a sale thereof, yet the court did not err in this cause in not doing so, as it was not asked to do so by the defendants; but that when the cause was remanded to the circuit court, the court should pass upon that question, if asked to do so. The mandate of this court instructed the circuit court, "if it be asked to do so, to provide for the payment of the debts charged on the real estate in the bill and proceedings in this cause mentioned out of the rents and profits of said real estate, if adequate thereto in a reasonable time, if not, then to decree a sale of so much of said real property as will discharge the debts charged thereon." It appears from the commissioner's report in the first record, that the debt on said property amounted, principal and interest, on March 1, 1876, to $1,472.60, and that the annual rental value of said property was $475.00.

After the cause was remanded, on the 20th day of November, 1877, the circuit court by its decree again confirmed the said commissioner's report, and the defendants "asking this court, that the said real estate be rented instead of being sold, and the complainants assenting thereto, it is adjudged, ordered and decreed, that unless the defendants, Emily Brown and Jacob B. Brown, or either of them, or some one for them shall within sixty days from this date pay to George A. Porterfield, general receiver of this court, to the credit of this cause the sum

1881
Spring
Special Term.

Rose & Co. *et al.*
v.
Brown *et ux.*

of $1,472.60, with interest on $1,304.17, part thereof, from March 1, 1876, until paid, the amount of the debts ascertained by commissioner, Cleon Moore, which are properly chargeable on the said real estate, then Eugene Baker, sheriff of Jefferson county, is directed to rent said real estate for one year from the 1st day of April, 1878, and from year to year thereafter until the further order of this court at public auction to the highest bidder," &c.

On the 28th of March, 1878, the said Eugene Baker filed his report, showing that he had rented the whole of said property together for one year to George Baylor and Joseph Trapnell for the sum of $250.00. The report was excepted to for several reasons, one of which was, that the price was inadequate.

The court by its decree rendered on the 8th day of April, 1878, on the exceptions to the report said: "On consideration whereof the court being of opinion, that the renting of the property in the proceedings mentioned was made for an inadequate price, also that the said property ought to have been rented in separate parcels, therefore it is here ordered and decreed, that the exceptions to the said report be sustained," and refused to confirm the report.

On the 26th of April, 1878, the cause was again heard "and the plaintiffs by their counsel moved the court to set aside so much of the decree of the October term, 1877, as directed the sheriff and special commissioner to rent the real estate of the defendants in the bill and proceeding mentioned, and to decree a sale of said realty, or so much thereof as may be necessary to pay the amount of the claims audited in commissioner Moore's report, filed March 30, 1876, and which are liens thereon, upon the ground that the rents will not satisfy said liens within a reasonable time, which motion was argued by counsel. On consideration whereof it appearing from the report of said sheriff and special commissioner, filed at a former day, that the said realty will not rent for enough money to satisfy the said liens

within a reasonable time," &c., the court ordered a sale of said property.

From and to the decree, of the 20th of November, 1877, and the 26th of April, 1878, the defendant, Emily Brown, obtained an appeal and *supersedeas*.

*Andrew Hunter*, for appellants.

*White & Trapnell*, for appellees, cited the following authorities:

11 W. Va. 137; 6 Leigh 205; 10 Leigh 93; 7 W. Va. 568; 23 Gratt. 836.

JOHNSON, JUDGE, announced the opinion of the Court.

This cause was once before in this court, and the decrees therein were reversed and the cause remanded. 11 W. Va. 122. It was remanded with instructions to the circuit court, "if it were asked so to do, to provide for the debts charged on the real estate in the bill and proceedings in this cause mentioned out of the rents and profit of the said real estate, if adequate thereto in a reasonable time," and if not, a sale should be decreed. No attempt was made by exceptions to the commissioner's report auditing the debts or otherwise to change the status of the case from what it was, when in this court the first time, except upon the record as it then stood to ask a rental of the real estate instead of a sale thereof. The decree of November 20, 1877, shows, that the cause was heard upon the papers formerly read, and the mandate of the Supreme Court of Appeals, &c., and there being no exception to the report of the commission theretofore filed, auditing the liens, the said report was again confirmed, and then follows this language : " and the court being of opinion that the debts audited and reported in said commissioner's report are a proper charge upon the real estate in the bill and proceedings mentioned, and the defendants not assenting to this decree, but appearing and *asking this Court*, that the said real estate be rented

instead of being sold, and *the complainants assenting thereto*, it is adjudged, ordered and decreed," that unless the money is paid within sixty days, Eugene Baker, the sheriff of Jefferson county, who was thereby appointed a special commissioner for the purpose, should rent the said real estate, &c.

1881
Spring
Special Term.

Rose & Co. *et al.*
v.
Brown *et ux.*

The proper construction of this decree is, that as to so much thereof as decreed, " that the debts audited and reported in said commissioner's report are a proper charge upon the real estate in the bill and proceedings mentioned," the defendants did not consent thereto, but as to so much thereof as decreed, that the property should be rented instead of sold, it was consented to by both parties. It was " asked to be done" by the defendants, and the complainants " assented : thereto." This portion of the decree was then certainly a consent decree. The court took it as such, and acted upon it without looking into the record upon this question. The complainants had agreed, that the debts charged upon the real estate should be paid by a rental of the property and not by a sale thereof. And the consent decree having been made, and the term having passed without it being set aside, there is no way to avoid it in this suit. It could only be avoided in an independent suit brought for the purpose of setting it aside on the ground of fraud or mistake.

*Syllabus 1.*

After the termination of the term, at which a consent decree was entered, it can never be set aside, except by consent, by any proceedings in the cause, though it had been entered by mistake or by the fraud of one of the parties. *Manion* v. *Fahy*, 11 W. Va. 482. There is however in this record not the slightest evidence of any fraud or mistake having been committed as to the entering of the said decree.

*Syllabus 2.*

As to whether the report of the commissioner, who under the decree rented the property, should have been confirmed, we express no opinion, as the time for which the property was rented has expired. There is no error in the

1881
Spring
Special Term.

Rose & Co. *et al.*
v.
Brown *et ux.*

portion of the decree which confirmed the commission-er's report, and declared the debts then audited a proper charge on the real estate. There is error in the decree of April 26, 1878, ordering a sale of the property, for the reasons already stated. Unless upon an original bill filed for the purpose the consent decree, that the property shall be rented instead of sold, is annulled, the debts charged upon the said real estate must be paid by renting the said real estate.

Syllabus 3.

The decree of November 20, 1877, is for the foregoing reasons affirmed. That decree directs the commissioner to "rent the real estate," &c., but does not direct, whether it shall be rented as a whole or in parcels. Where a decree directs, real property to be sold or rented with-out directing whether it shall be offered as a whole or in parcels, the commissioner must in the interest of the parties to the suit in his discretion offer it for sale or rental in that manner, which will in his judgment bring the most money. The commissioner should so act in executing the decree of November 20, 1877.

The decree of April 26, 1878, is reversed with costs to the appellant, and this case is remanded for further proceedings to be had thereon, according to the princi-ples of this opinion and further, according to the rules governing courts of equity.

JUDGES MOORE AND HAYMOND CONCURRED.

ONE DECREE AFFIRMED. THE OTHER REVERSED.

CAUSE REMANDED.