GEORGE H. TRAUGH *v.* ELIZABETH T. HART *et al.*

(No. 7322)

Submitted January 24, 1933.   Decided February 21, 1933.

*Victor H. Shaw,* and *D. H. Hill Arnold,* for appellant.
*James F. Burns,* for appellee.

LITZ, JUDGE:

This appeal involves the liability for costs, as between the plaintiff and a trust lien creditor, in a suit to enforce a judgment lien.

September 28, 1922, Elizabeth T. Hart conveyed to William S. Haymond, trustee, a parcel of real estate in the City of Fairmont, to secure the payment of $7,000 to the Peoples National Bank of Fairmont, which debt and security was later acquired by the Union National Bank of Fairmont. Upon the death of William S. Haymond, Frank C. Haymond was substituted trustee. April 30, 1930, George H. Traugh obtained judgment against said Elizabeth T. Hart before a justice for $143.00. Frank C. Haymond, trustee, having advertised the property for sale at the instance of J. M. Swan, receiver of said Union National Bank, Traugh instituted this suit June 3, 1931, to enjoin a sale under the trust deed and to secure a judicial sale of the property to satisfy his judgment (which had been reduced by a credit of $15.00) and other liens thereon in the order of their priority. The bill, after setting up the judgment of plaintiff as a lien on the real estate, enumerated a number of prior judgments aggregating (with interest) $1,540.27 as "valid and existing liens" against the property, and alleged that plaintiff did not know the exact amount of the trust deed lien, but that he was informed, believed and averred that "the greater part" of the original debt was still unpaid. On June 10, 1931, an injunction was awarded in the case prohibiting a sale under the deed of trust, notwithstanding the oral protest of the receiver in open court (not noted in the order but otherwise appearing in the record), on the ground that the property would not sell for a sufficient sum to pay the trust deed lien. The cause was referred to a commissioner in chancery who filed his report October 24, 1931, showing liens prior to the judgment of plaintiff in their order of priority, as follows: taxes $1,295.14, amount of the original debt and interest under the trust deed $7,371.35, a judgment in favor of D. M. Osgood Company $546.73. The land was thereafter sold in the suit at judicial sale by said Frank C. Haymond and James F. Burns (counsel for plaintiff) as special commissioners and purchased by the receiver at the price of $4,500. The trial

court directed payment of all costs, including commissions to the special commissioners, from the proceeds of sale, which of course resulted in taxing the receivership, whose debt was undisputed, with the entire costs of the suit.

Upon the issue raised by plaintiff and the receiver as to which should pay the general costs, the trial court considered the petition and affidavit of the receiver and the answer of plaintiff supported by the affidavit of his counsel. Notwithstanding the allegations of the bill and the report of sale by Burns, as special commissioner, that the property had been sold at a fair price, he states in his affidavit that he had been informed before the institution of the suit that all judgments against Elizabeth T. Hart except the judgment in favor of Traugh had been paid; and that there was owing under the deed of trust somewhere around $6,000. He further states that the property was assessed for taxation at $9,800, that one Miller (since a bankrupt) several years previously had offered $15,000 for it, and that the master commissioner had reported the "evidentiary value" as $8,000.

Under the circumstances we are firmly convinced that the trial court has abused its discretion in requiring the receiver to pay costs other than commissions to the special commissioners against which he makes no complaint. In *Mahan* v. *Bank*, 109 W. Va. 595, 155 S. E. 664, it is held: "Where the validity and amount of a deed of trust lien, executed by a decedent, is in no way questioned in a suit by the administrator to administer the estate, and the beneficiary is merely a nominal party to the suit, ordinarily, costs should not be charged against the beneficiary greater than the expenses of sale of the trust property." There is less justification for charging the trust debt with general costs in this than was present in that case, because the suit of the administrator was necessary to administer other than the trust property belonging to the estate. Had plaintiff made proper investigation before instituting suit, he could have but foreseen the futility of the litigation.

The decree complained of is accordingly reversed and the cause remanded.

*Reversed and remanded.*