T. J. BLAIR, *et al.*

*v.*

JOHN L. DICKINSON

(No. 10399)

Submitted September 11, 1951. Decided December 11, 1951.

GIVEN and RILEY, JUDGES, would affirm.

HAYMOND, JUDGE, and FOX, PRESIDENT, would reverse.

LOVINS, JUDGE, not participating.

*Jackson, Kelly, Morrison & Moxley* and *Thomas B. Jackson,* for appellant.

*Wolverton & Callaghan* and *Brooks B. Callaghan,* for appellees.

GIVEN, JUDGE:

This appeal involves the correctness of the action of the Circuit Court of Nicholas County in decreeing costs of only $386.79 to appellant, John L. Dickinson, against Gauley-Eagle Coal and Coke Company. Appellant contends that the decree in his favor should have been for $1,117.35. This cause was previously before this Court and the opinion rendered therein is reported in 133 W. Va. 38, 54 S. E. 2d 828. Dickinson prevailed in the previous decision and was awarded his costs against Gauley-Eagle Coal and Coke Company, T. J. Blair, Jr. and J. N. Berthy, Jr. After the mandate of this Court had been forwarded to the clerk of the circuit court, that court, on May 31, 1950, entered an order which, after reciting appearance of counsel for the respective parties, including appellant and appellee, contains these provisions: "* * * and this cause thereupon came on to be heard upon process duly executed upon all parties thereto, and upon all the former record made and proceedings had therein.

"Upon joint motion of said parties, by their respective counsel, it is ADJUDGED, ORDERED and DECREED as follows:

"1. All claims and other matters and things in dispute or controversy solely between said Blair, Berthy and Dickinson, and also between said Dickinson and Lee Matheny, a defendant to the cross-bill of said Dickinson, as appearing from said record and proceedings herein, are fully compromised and settled by the terms and conditions of this decree and this cause is accordingly dismissed as to such claims, matters and things, except as to the sale of real estate as hereinafter decreed and matters relating to said sale."

Paragraphs 2 to 6, both inclusive, of the decree relate to the sale of the real estate mentioned in Paragraph 1, and have no bearing upon the questions to be considered in this opinion. Paragraphs 7 and 8 of the decree read:

"7. Nothing contained in this decree shall alter, impair

or affect any claims asserted, or any other matter or thing stated, against said Gauley-Eagle Coal & Coke Company, J. R. Maust, Excavators, Inc., a corporation, and Bert Jacobson, in the cross-bill of said Dickinson heretofore filed in this cause, or any court costs which said Dickinson may be entitled to collect of and from said Gauley-Eagle Coal & Coke Company upon the record and proceedings aforesaid. No court costs shall be collectible as between said Blair, Berthy and Dickinson or between any of them.

"8. The answer of said Gauley-Eagle Coal & Coke Company praying for affirmative relief against said Dickinson, filed herein, is hereby dismissed as to said Dickinson and said Dickinson shall recover of and from said Gauley-Eagle Coal & Coke Company his costs in this behalf expended in this Court and upon appeal in the Supreme Court of Appeals of West Virginia, including a statute fee of $20.00."

Thereafter appellant filed in the proceeding his motion for judgment for costs, claiming the right to recover of and from appellee the sum of $1,117.35. Upon the hearing of the motion, as above noted, the circuit court, by order entered March 30, 1951, granted recovery in the sum of only $386.79. The sum for which the judgment was entered included $330.45, one-third of the costs decreed to appellant by the Supreme Court of Appeals; $3.00, circuit court clerk's fee for filing the answer of appellant; $33.34, one-third of the fee of the official court reporter; and a $20.00 statute fee.

The contention is made that the order of March 30, 1951, is not an appealable order, for the reason that it involves only costs. Generally this Court will not review the action of a circuit court in a chancery cause relating to court costs, the adjudication of costs being a matter usually within the discretion of the trial court. *Solins* v. *White,* 128 W. Va. 189, 36 S. E. 2d 132. Where it is made to appear, however, that the discretion of the trial court has been abused, its order awarding costs may be reviewed. *Traugh* v. *Hart,* 113 W. Va. 388, 168 S. E. 137;

*State* v. *Moore,* 77 W. Va. 325, 87 S. E. 367; *Castle* v. *Castle,* 69 W. Va. 400, 71 S. E. 385; *Nutter* v. *Brown,* 58 W. Va. 237, 52 S. E. 88, 1 L. R. A. (N.S.) 1083, 6 Ann. Cas. 94.

In the instant matter the contention is made, upon apparently substantial basis, that the order appealed from is not in accord with the mandate of this Court. The trial court would have no discretion as to compliance with the mandate. Compliance could only be avoided by proper proceedings in the appellate court, or by action or agreement of the interested parties. The fact that the appellate court finds that noncompliance with the mandate was justified for some such reason does not require a dismissal of the appeal. We are of the view, therefore, that the order of March 30, 1951, is an appealable order.

Appellant further contends that the decree of May 31, 1950, is a consent decree constituting a contract between the parties, and that the order appealed from is violative of the terms of the contract. The appellee contends that as to it the decree of May 31, 1950, is not a consent decree, and that by the action of the appellant, in releasing Blair and Berthy from liability as to two-thirds of the costs by the compromise settlement, he also necessarily released the appellee as to the two-thirds of the costs chargeable against Blair and Berthy under the mandate, since appellee was thereby denied the right to recover contributions from Blair and Berthy.

A consent decree constitutes a contract between the parties thereto, and it is beyond the power of the court to alter it, except by the action or consent of the parties, or as to mere clerical errors. *Supply Co.* v. *Delmar,* 110 W. Va. 560, 564, 158 S. E. 907; *Castle* v. *Castle, supra; Myllius* v. *Smith,* 53 W. Va. 173, 44 S. E. 542; *McArthur* v. *Thompson,* 140, Neb. 408, 299 N. W. 519, 139 A. L. R. 413, 422n; 31 Am. Jur., Judgments, Sections 458-64. The consent, however, must appear from the face of the record. *Shinn* v. *Shinn,* 105 W. Va. 246, 142 S. E. 63; *Bank* v. *Osenton,* 92 W. Va. 1, 114 S. E. 435. "The consent should be so clear and specific in terms that no mistake can arise re-

specting the concurrence of the parties and it should be complete and unqualified." 49 C. J. S., Judgments, Section 175. A consent decree must be construed in the same manner as other contracts. *Seiler* v. *Manufacturing Co.,* 50 W. Va. 208, 40 S. E. 547; *Morris* v. *Peyton,* 29 W. Va. 201, 11 S. E. 954; 49 C. J. S., Judgments, Section 178. A consent decree need not apply to all of the parties to a cause, and it may apply to only part of the matters involved therein. *Myllius* v. *Smith, supra; Gregg* v. *Sloan,* 76 Va. 497.

The only matter in the record indicating that the decree of May 31, 1950, is a consent decree is the statement that "Upon joint motion of said parties, by their respective counsel, it is adjudged, ordered and decreed as follows * * *." It may be seriously questioned whether such a provision, standing alone, constitutes an order one of consent, for it is not unusual for litigants to consent, even insist, that an order be entered at a certain time or in certain form, for the purpose of hastening the determination of litigation. In *Morris* v. *Peyton,* 29 W. Va. 201, 11 S. E. 954, the decree recited: "By consent of all parties to these (consolidated) causes, these causes came on * * * to be heard * * *. And by like consent, it is agreed that unless said several sums of money are fully paid * * * special commissioners shall * * * proceed to sell * * *" certain lands. The Court held, notwithstanding the recitals, that the decree showed upon its face it was not a consent decree, but treated the decree as being one of consent because the parties "estopped themselves from saying, that the whole of it is not a consent decree."

In *Denny* v. *Searles,* 150 Va. 701, 143 S. E. 484, a decree was entered upon a compromise agreement. The decree recited "that all parties in interest desired the Court to approve the release and settlement, which it did." Yet the Court held: "Upon its face, this decree is not a consent decree, but an ordinary decree entered by the court, with the recital 'and was argued by counsel', which at least signifies knowledge of all counsel of its entry * * *."

But the recital "Upon joint motion of said parties" does not stand alone. Other provisions of the decree show, we believe, that it was not a consent decree. Paragraph 1, quoted above, shows clearly that the compromise agreement related "solely" to the matters in dispute as to Blair, Berthy, Dickinson and Matheny. Appellee was in no manner connected with the compromise agreement. The question as to whether the decree is one of consent as to Blair, Berthy, Dickinson and Matheny is not before the Court. It is clear that the decree could be one of consent as to such parties and not as to appellee. The decree also contains this further clause: "* * * and this cause thereupon came on to be heard upon process duly executed, upon all parties thereto, and upon all the former record made and proceedings had therein." Such a recital would, we believe, show that the matters in dispute were adjudicated after a hearing, not consented to. That would certainly be true as to parties not connected with the compromise agreement. Why should the court hear a matter that has been agreed upon? There is no consent decree where the adjudication is made upon hearing, upon consideration by the court, or upon an investigation of the court. 34 C. J., Judgments, Section 331. The fact that the parties may have superadded their consent thereto does not make the decree a consent decree. *Id. Goodrich* v. *Alfred,* 72 Conn. 257, 43 A. 1041; *Telford* v. *Barney,* 1 Greene 575 (Iowa); *Harter* v. *King County,* 11 Wash. 2d 583, 119 P. 2d 919. No authority to the contrary has been cited, and we have found none.

The decree not being one of consent as to appellee, and the appellant having released Blair and Berthy from liability as to two-thirds of the costs, it was necessary for the lower court, upon appellant's motion for judgment for costs, to reappraise the rights of the parties in the light of the action of appellant, as well as in the light of the mandate. We can not say that the action of that court, as disclosed by the decree of March 30, 1951, is erroneous. Appellant, in releasing Blair and Berthy from ultimate liability, should not be permitted to thereby increase the

ultimate liability of appellee from one-third to two-thirds of the costs adjudicated by this Court. The provisions of Paragraph 7 of the decree, quoted above, merely preserved unto appellant the right to collect from appellee the proportionate part of the costs which appellee was ultimately bound to pay under the mandate. No other construction can be given the language without increasing the ultimate liability of appellee. By the provisions of Paragraph 8 of the decree, also quoted above, appellant reserved the right to collect from appellee his costs expended in connection with the litigation, both in the Supreme Court of Appeals and in the circuit court, arising in connection with the affirmative claim of appellee. The order complained of permits recovery from appellee of all such costs, as well as the one-third of the costs chargeable against him under the mandate. The learned trial chancellor was in position to know and understand what the intentions of the several parties were in connection with the transactions, and his findings and action with respect thereto should have much weight with this Court.

Judge Lovins considered himself disqualified from taking any part in the consideration or decision of this matter, and Judges Fox and Haymond do not agree with the conclusions expressed herein. Therefore, the order appealed from is affirmed, on authority of Code, 58-5-20.

*Affirmed.*

HAYMOND, JUDGE:

The decree of the circuit court entered March 30, 1951, from which this appeal was granted on May 21, 1951, awards the appellant John L. Dickinson costs in the amount of only $386.79 instead of the full amount of $1117.35 which he claims he is entitled to recover from the appellee, Gauley-Eagle Coal and Coke Company, under a decree previously entered on May 31, 1950. The amount of costs which the appellant is entitled to recover from the appellee is the only issue involved, and the pro-

ceedings had in the circuit court are correctly set forth in the opinion filed by Judge Given.

This appeal was unanimously granted because at that time it appeared to the members of this Court who participated in that action that in making the foregoing award of costs the circuit court abused the discretion vested in it to adjudicate costs in a suit in equity which ordinarily it may exercise in awarding costs in such a proceeding. Though, as a general rule, a decree of a court of competent jurisdiction adjudicating costs in a suit in equity will not be reviewed by this Court, since the question of costs is usually within the discretion of the trial court, *Castle* v. *Castle,* 69 W. Va. 400, 71 S. E. 385; *Nutter* v. *Brown,* 58 W. Va. 237, 52 S. E. 88, 1 L. R. A., N. S., 1083; when it appears that the court has abused its discretion in making or refusing an award of costs, its decree is reviewable on appeal to this Court. *Solins* v. *White,* 128 W. Va. 189, 36 S. E. 2d 132; *McCartney* v. *Campbell,* 115 W. Va. 752, 177 S. E. 783; *Traugh* v. *Hart,* 113 W. Va. 388, 168 S. E. 137. In the *Traugh* case this Court, upon appeal from a decree awarding certain costs, reversed the decree and in the syllabus held that "The general rule, denying an appeal from a decree for costs alone in a chancery suit, does not apply in a case involving clear abuse of the trial court's discretion in fixing costs." The opinion in the instant case, filed by Judge Given, in which Judge Riley concurs, states that "the order of March 30, 1951, is an appealable order", but, notwithstanding that conclusion, the two judges who entertain that view, as indicated by the opinion of Judge Given, are unwilling to dismiss the appeal or to reverse the appealable decree but instead would affirm it. As the amount of costs of $386.79 awarded by the decree of March 30, 1951, is clearly erroneous, the action of the circuit court in awarding that amount, contrary to the provisions of its earlier decree of May 31, 1950, in my judgment, constituted a clear abuse of discretion and for that reason, the decree being appealable, should be reviewed and reversed on this appeal. *Traugh* v. *Hart,* 113 W. Va. 388, 168 S. E. 137.

The decree of March 30, 1951, should be reversed for the additional reason that it violates and undertakes to modify a prior decree of that court entered, upon the joint motion of all the parties to the suit, including the appellant Dickinson and the appellee Gauley-Eagle Coal and Coke Company, on May 31, 1950. Notwithstanding the reasons stated in the opinion of Judge Given to support his conclusion that the decree of May 31, 1950, is not a consent decree, it is, in my opinion, clearly a consent decree. It was based upon a compromise by the parties to the suit of all the principal issues involved in the litigation, other than those expressly excepted, and the issues so excepted are not involved in this appeal. It expressly states that upon the joint motion of the parties all matters in dispute or controversy solely between Blair, Berthy and Dickinson and also between Dickinson and Lee Matheny, a defendant to the cross bill of Dickinson, are fully settled and compromised and the cause dismissed as to such matters and things, except as to the sale of the real estate decreed to be sold; that nothing contained in the decree alters, impairs or affects any claims asserted, or any other matter or thing stated, against Gauley-Eagle Coal and Coke Company, J. R. Maust, Excavators, Inc., and Bert Jacobson in the cross bill of Dickinson, or any court costs which Dickinson may be entitled to collect from Gauley-Eagle Coal and Coke Company in connection with those matters; that the answer of Gauley-Eagle Coal and Coke Company, praying affirmative relief against Dickinson, is dismissed as to him; and that he recover from Gauley-Eagle Coal and Coke Company his costs in the circuit court and in this Court upon a former appeal in the case. All the foregoing provisions with respect to the matters in controversy other than the matters specifically excepted, between the different parties, including the designated matters in controversy between Dickinson and Gauley- Eagle Coal and Coke Company, were consented to and agreed upon by each of them by their action in moving, jointly with the other parties to the cause, that the decree be entered by the circuit court.

In *Morris's Admr.* v. *Peyton's Admr.*, 29 W. Va. 201, 11 S. E. 954, cited and discussed in the opinion of Judge Given, the questions presented, among others, were whether a decree entered by the circuit court on February 3, 1882, was, as recited in the decree, a consent decree, and, if so, whether it could be modified by a bill of review which was presented to and rejected by that court. Upon appeal from the decree refusing permission to file the bill of review and other designated decrees, this Court held that "After the end of the term, at which a consent-decree is entered, it cannot be set aside, modified or altered without the consent of the parties except only to correct a clerical error." In the opinion delivered· by Judge Green, these statements appear:

"The first inquiry is: What is the character of the decree of February 3, 1882, which has been copied at length in the statement of this case? Of course its character can only be determined by what is set out on the face of the decree. Though the depositions, taken several years after this decree was entered, show clearly, that it was intended as a consent-decree, all of the terms and provisions in it being the result of a compromise among the parties to the three suits, in which the decree was entered, or their counsel, yet it is obvious on the face of the decree as entered, that the most important provision in it was the judgment of the court after an argument by counsel and consideration by the court of the different bills and amended bills, depositions, former decrees, report of a commissioner, exceptions thereto and all the papers in the three causes. It was after such a consideration, that the court determined the amount, to which each party was entitled; and the court inserts in the decree as the result of such investigation not only the amount each one was entitled to, but also that the amounts due to several of them were liens upon certain lands. This, the most important part of this decree, was palpably erroneous as to the amount due to each of the parties, which is clearly shown by the very documents, upon which the calculations of the decree profess to be based, to be larger than that allowed by the decree. * * *.

"I shall therefore treat this entire decree as a consent-decree, the parties to it having by their conduct in the Circuit Court, and ever since it was entered in the court below estopped themselves from saying, that the whole of it is not a consent-decree. * * *. This makes it in effect a consent-decree in all its parts. * * *."

Though the conduct of the parties in the *Morris* case estopped them from subsequently challenging the character of the decree, it is evident that this Court considered the decree which was "the result of a compromise among the parties to the three suits" as a consent decree, at the time it was entered.

In *Myllius* v. *Smith*, 53 W. Va. 173, 44 S. E. 542, this Court held that a decree entered "by consent of all parties represented by counsel," was a consent decree and was binding upon all the parties who had appeared in the case at the time of its entry.

The decree of May 31, 1950, was clearly intended to conclude and record a compromise of the matters in controversy between all the parties to the suit who appeared at the time of its entry based upon their agreement to compromise all such matters except those relating to the sale of the real estate decree to be sold and "any claims asserted, or any other matter or thing stated, against said Gauley-Eagle Coal and Coke Company, J. R. Maust, Excavators, Inc., a corporation, and Bert Jacobson, in the cross-bill of said Dickinson heretofore filed in this cause, or any court costs which said Dickinson may be entitled to collect of and from said Gauley-Eagle Coal and Coke Company upon the record and proceedings aforesaid." The paragraph of the decree containing the language just quoted provides that "No court costs shall be collectible as between said Blair, Berthy and Dickinson or between any of them." The next paragraph contains the compromise between the appellant Dickinson and the appellee Gauley-Eagle Coal and Coke Company and provides that "The answer of said Gauley-Eagle Coal & Coke Company praying for affirmative relief against said Dickinson, filed

herein, is hereby dismissed as to said Dickinson and said Dickinson shall recover of and from said Gauley-Eagle Coal and Coke Company his costs in this behalf expended in this Court and upon appeal in the Supreme Court of Appeals of West Virginia, including a statute fee of $20.00." The provision just quoted does not limit the costs to be recovered by Dickinson to the statutory fee of $20.00 and a filing fee of $3.00, as contended by the appellee, for if it did so limit such costs, the specific reference to costs "upon appeal in the Supreme Court of Appeals of West Virginia" which clearly relates to the former appeal in this case, *Blair v. Dickinson*, 133 W. Va. 38, 54 S. E. 2d 828, is completely devoid of meaning or effect.

By entering into the compromise to the matters in controversy set forth in the decree of May 31, 1950, and as a party to the compromise on which that decree was based, both the appellant and the appellee agreed to the provisions of the decree and are bound by those provisions. The compromise was based upon a sufficient consideration. The settlement of a bona fide dispute, if made fairly and in good faith, is a sufficient consideration for a compromise. 15 C. J. S., Compromise and Settlement, Section 11a. See *Thompson v. Beasley*, 107 W. Va. 75, 146 S. E. 885. By the compromise Gauley-Eagle Coal and Coke Company agreed that Dickinson should recover from it his costs in the circuit court and in this Court on the former appeal, which, as taxed by the clerk of the circuit court, consisted of clerk's fee of $3.00 for filing the answer of Dickinson, clerk's fee of $3.00 for filing the answer of Gauley-Eagle Coal and Coke Company, court reporter's fee of $100.00, costs awarded Dickinson by this Court of $991.35, and a statutory fee of $20.00, or the aggregate sum of $1117.35.

In *Castle v. Castle*, 69 W. Va. 400, 71 S. E. 385, this Court held that a decree of the circuit court awarding costs to a party to the suit, contrary to an agreement that the suit should be dismissed and that each party should pay his own costs, was an appealable decree when the amount of such costs exceeds one hundred dollars, and that the

action of the court in awarding costs in the face of the agreement constituted reversible error.

Though as pointed out by Judge Given in his opinion, a consent decree may not apply to all the parties to a suit and may relate to only a part of the matter involved, a decree entered by consent of all parties represented by counsel is binding upon all the parties who have appeared in the suit at the time of the entry of the decree. *Myllius* v. *Smith,* 53 W. Va. 173, 44 S. E. 542. As the appellant and the appellee, and the other designated parties, were represented by counsel and had appeared at the time the decree of May 31, 1950, was entered upon their joint motion, all the parties so appearing, including the appellant and the appellee, are clearly bound by its provisions.

This Court has said in its opinions in many cases that a decree entered by the consent of the parties to a suit can not be modified or altered, without the consent of the parties, except to correct a clerical error, even during the term at which it was entered; that, though such decree may be set aside for clerical error, during the term at which it was entered, it can not be set aside or annulled, except by consent of the parties, by any proceedings in the same suit, even though entered by mistake, or surprise, or fraud by one of the parties; and that in such instances of mistake, surprise or fraud, a consent decree, whether interlocutory or final, can not be set aside or annulled after the expiration of the term except by an original bill filed for that purpose. *Edlis, Inc.,* v. *Miller,* 132 W. Va. 147, 51 S. E. 2d 132; *Manion* v. *Fahy,* 11 W. Va. 482; *Estill & Eakle* v. *McClintic's Adm'r.,* 11 W. Va. 399; *Rose & Co.* v. *Brown,* 17 W.Va. 649; *Armstrong* v. *Wilson,* 19 W.Va. 108; *Hunter* v. *Kennedy,* 20 W.Va. 343; *Morris's Adm'r.* v. *Peyton's Adm'r.,* 29 W. Va. 201, 11 S. E. 954; *Stewart* v. *Stewart,* 40 W. Va. 65, 20 S. E. 862; *Camden* v. *Ferrell,* 50 W. Va. 119, 40 S. E. 368; *Seiler* v. *Union Manufacturing Company,* 50 W. Va. 208, 40 S. E. 547; *Myllius* v. *Smith,* 53 W. Va. 173, 44 S. E. 542; *McGraw* v. *Traders' National Bank,* 64 W. Va. 509, 63 S. E. 398; *Dwight* v. *Haz-*

*lett,* 107 W. Va. 192, 147 S. E. 877, 66 A. L. R. 102; *Weldon* v. *Callison,* 119 W. Va. 306, 193 S. E. 441.

The decree of March 30, 1951, is also erroneous, and should be reversed on this appeal, because it disregards and plainly violates the final decree of this Court which reversed and set aside a decree of the circuit court entered in this suit on February 18, 1948, and remanded the case to that court for further proceedings with regard to the partition or the sale of a tract of land of 11,000 acres. Upon the former appeal in this case, *Blair* v. *Dickinson,* 133 W. Va. 38, 54 S. E. 2d 828, this Court denied the claim of Gauley-Eagle Coal and Coke Company to specific performance against Dickinson of a parol lease upon 4700 acres of the 11,000 acre tract which Gauley-Eagle Coal and Coke Company contended had been entered into by Dickinson between him, Blair and Berthy, and Gauley-Eagle Coal and Coke Company, and held that such lease had not been made or entered into by Dickinson; and the decree of this Court awarded costs upon that appeal in favor of Dickinson against Blair, Berthy and Gauley-Eagle Coal and Coke Company. After the remand of the case Dickinson, as part of the compromise incorporated in the decree of the circuit court entered May 31, 1950, released Blair and Berthy from the decree of this Court against them for such costs. In so doing, however, he did not release Gauley-Eagle Coal and Coke Company from that decree of this Court for costs, for the reason that Gauley-Eagle Coal and Coke Company, as a party to the compromise, consented to the release by Dickinson of the decree for costs against Blair and Berthy and to the payment by it of the costs mentioned in the decree of May 31, 1950. Though ordinarily a release of one joint, or joint and several, promisor or judgment debtor, is a release of all such promisors or debtors, because the debt is entire, *Danchatz* v. *Page Coal and Coke Company,* 110 W. Va. 212, 157 S. E. 404; *Rutherford* v. *Rutherford,* 55 W. Va. 56, 47 S. E. 240; *Maslin's Exr's.* v. *Hiett,* 37 W. Va. 15, 16 S. E. 437; that principle does not apply when the release is given with the consent of the other promisors

or judgment debtors. 45 Am. Jur., Release, Section 34; 53 C. J., Release, Section (74) 2, p. 1249; 53 A. L. R. 1461, Annotation V; *Marks* v. *Deposit Bank of Owensboro,* 21 Ky. L. R. 117, 50 S. W. 1103; *Burson* v. *Kincaid,* 3 Penrose and Watts, (Pa.) 57; *Rogers* v. *Hosack's Executors,* 18 Wendell (N. Y.) 319; *Hamilton* v. *Ritchie,* (Tenn.) 53 S. W. 198. The decree of this Court awarding costs against Gauley-Eagle Coal and Coke Company in favor of Dickinson, not having been released, remains the law of this case, and can not be modified or departed from by the circuit court by its decree of March 30, 1951, or otherwise. *Chafin* v. *Gay Coal and Coke Company,* 113 W. Va. 823, 169 S. E. 485; *Kaufman* v. *Catzen,* 100 W. Va. 79, 130 S. E. 292; *Campbell* v. *Lynch,* 88 W. Va. 209, 106 S. E. 869; *Ice* v. *Maxwell,* 70 W. Va. 186, 73 S. E. 274; *Pennington* v. *Gillaspie,* 66 W. Va. 643, 66 S. E. 1009; *Beecher* v. *Foster,* 66 W. Va. 453, 66 S. E. 643; *Johnson* v. *Gould,* 62 W. Va. 599, 59 S. E. 611; *Seabright* v. *Seabright,* 33 W. Va. 152, 10 S. E. 265; *McCoy* v. *McCoy,* 29 W. Va. 794, 2 S. E. 809; *Henry* v. *Davis,* 13 W. Va. 230.

For the foregoing reasons, I would reverse the decree entered by the circuit court on March 30, 1951, and enter a decree here awarding the appellant costs against the appellee in the amount of $1117.35 and giving effect to the decree entered by the circuit court on May 31, 1950.

I am authorized to say that Judge Fox concurs in the views expressed in this opinion.