TOM C. CHAFIN, *et al.*

*v.*

HUGH WELLMAN, *et al.*

(No. 13265)

Submitted October 20, 1972.    Decided November 14, 1972.

*William L. Jacobs,* for appellants.

*W. Graham Smith, Jr., John M. Richardson,* for appellees.

BERRY, JUDGE:

This is an appeal from a final order of the Circuit Court of Mingo County of October 12, 1972 involving a primary election contest case, which held that the appeal from the final order of the County Court of Mingo County had been improvidently awarded and dismissed the appeal.

The appeal in this case was granted by this Court on October 17, 1972 and set for hearing by agreement of the parties on October 20, 1972, at which time it was submitted for decision upon arguments and briefs. On October 20, 1972 this Court entered an order reversing the Circuit Court of Mingo County and remanded the case with directions for the Circuit Court of Mingo County to decide the case on the merits as promptly as possible. This opinion is written now giving the reasons for the judgment of the Court on October 20, 1972.

The appellants, Tom C. Chafin, Howard B. Chambers, Melvin Brooks, Pearley Epling, Estil L. "Breezy" Bevins, and Mrs. Carl E. Riggs, are contestants in an election contest in connection with the May 9, 1972 primary election for nomination for various offices in Mingo County, and the appellees, Hugh Wellman, Frank Blair, Donald Q. Booth, Sr., Clyde Collins, Donald Evans, Don Crum, Harry White, Charles E. Conley, Fred Goff, C. J. "Ben" Hamilton, Clarence Justice and Mae Stallard, are contestees in the election contest case. At the hearings of the election contest before the County Court of Mingo County, the appellants contended that there were

widespread voting irregularities in four precincts and that the votes in those precincts should not be counted in the total votes of the county, which would result in the contestants being the nominees for the various offices in the primary election.

On September 6, 1972 the contestants, appellants in this case, filed a petition for a writ of mandamus in this Court to compel the County Court of Mingo County to proceed without delay to decide the primary election contest case before the County Court lost jurisdiction. On September 15, 1972 the writ of mandamus was awarded by this Court requiring the county court to remain in session as long as necessary to conclude the election contest case and to declare the true results of the election and enter the same on the records of the court on or before September 21, 1972.

The election contest case was concluded by the county court on September 20, 1972 and a final order was prepared by the court on September 21, 1972 deciding the election contest case. One member voted to reject all of the votes in the four precincts in question, which would have had the effect of nominating all of the contestants in the election contest. Another member of the county court voted to dismiss the election contest, which would have had the effect of nominating all of the contestees in the election contest. The third member disqualified himself and did not vote. This order was marked at the top: "Filed 9-21-72" and signed: "C. J. Hamilton". At the end of the order the following appears: "Entered this 21st day of September, 1972, at the hour of 3:40 o'clock p.m." The order was signed "C.J. 'Ben' Hamilton, President". A note at the end of the order indicates that the other commissioner, Mr. Myers, did not sign the order upon the advice of one of the contestees.

It appears that the order was stamped "ADMITTED TO RECORD" in the clerk's office at 9:11 A.M. September 22, 1972.

The circuit court granted the appeal of the contestants on October 4, 1972, but after reading the entire record the court, on October 12, 1972 was of the opinion that no final order had been entered of record by the county court by midnight September 21, 1972, and, therefore, the county court lost jurisdiction of the contest case at that time.

It is the contention of the contestants that a final order was entered by the county court on September 21, 1972 and consequently, the Circuit Court of Mingo County erred in dismissing the appeal as improvidently awarded, and furthermore, they contend the Court also erred in refusing to review and reverse the final order of the County Court of Mingo County.

It is the contention of the contestees that there was no final order entered of record by the county court on September 21, 1972 and that the circuit court did not err in dismissing the appeal. Furthermore, they contend that even if the decision of the circuit court in dismissing the appeal was erroneous, the circuit court did not rule on the merits of the case and thus the case should be remanded for this purpose before any decision on the merits is made by this Court.

It is also the contention of the contestees that the final order prepared, filed and entered by the President of the County Court of Mingo County was not a valid final order because one commissioner disqualified himself and the two remaining members failed to agree on the disposition of the election contest case. The President voted one way, which was in favor of the contestees, and the other commissioner voted another way, which was in favor of the contestants but did not sign the order. There is no question that the final order is a valid order of the County Court of Mingo County. It shows that Mr. Myers, one of the Commissioners, participated and voted and the mere fact that he did not sign the order would not invalidate it. See 11 M.J., *Judgments and Decrees,* § 37; *McClain v. Davis,* 37 W.Va. 330, 16 S.E. 629; *Rollins v. Bazile,* 205 Va. 613, 139 S.E.2d 114.

The vote of one commissioner in favor of the contestants prevailing and one member against the contestants had the effect of affirming the declaration of the contestees as winners after the recount. Where a court consists of multiple members and is equally divided, the last official ruling on the matter in question is affirmed. See *Blair v. Dickinson*, 136 W.Va. 611, 68 S.E.2d 16; *Maynard v. Hammond*, 139 W.Va. 230, 79 S.E.2d 295.

The contestees rely on the case of *State ex rel. Hager v. Oakley*, 154 W.Va. 528, 177 S.E.2d 585 to support their contention that no final order was entered of record. The *Hager* case involved a proceeding to prohibit the Circuit Court of Logan County from hearing an appeal. In that case there was no order of any kind prepared, written or signed by the county court, which is a court of record. There was a complete failure of any semblance of a final order of any kind and the Court held, and correctly so, that appeals cannot be taken unless there is a final order entered in a court of record. In the case at bar there was a final order and it was signed by the President of the Court and dated September 21, 1972. The mere fact that the clerk did not stamp it as entered until 9:11 a.m. the next morning, September 22, 1972, would not affect the validity of the order. In election contest cases the county court is the judicial body and the clerk merely performs ministerial duties in carrying out the acts directed by the county court. This principle is succinctly stated in 46 AM. JUR. 2d, *Judgments*, § 156, in the following language: "The entry of a judgment by the clerk on the records of the court is a ministerial, and not a judicial, act." See *Cameron v. Cameron*, 105 W.Va. 621, 143 S.E. 349.

From the facts and circumstances in the instant case the final order of the Mingo County Court, which was filed and entered under the signature of the President of the County Court on September 21, 1972, and which decided the election contest by an equally divided vote in favor of the appellees, was the official act of the county

court on that date and decided the case as of that date. Consequently, it was a proper appealable order, and the Circuit Court of Mingo County erred in dismissing the appeal as improvidently awarded.

The Circuit Court of Mingo County dismissed the appeal and did not pass on the merits of the election contest case, and it has been repeatedly held that this Court will not consider questions nonjurisdictional in their nature not acted upon by the circuit court. *In Re the Estate of Amanda Nicholas,* 142 W.Va. 80, 94 S.E.2d 452; *Pettry v. Chesapeake and Ohio Railway Company,* 148 W.Va. 443, 135 S.E.2d 729.

It is the contention of the appellants that this rule applies only to trial courts. There is no merit to this contention. The *Nicholas,* case is identical to the situation in the present case because there was an appeal from the county court to the circuit court, and the rule that this Court will not decide nonjurisdictional questions not passed on by the circuit court was applied. This principle is clearly stated in point 1 of the syllabus of the *Pettry* case, wherein it is stated: "This Court will not consider questions, nonjurisdictional in their nature, not acted upon by the circuit court as an intermediate appellate court."

For the reasons stated herein, the judgment of the Circuit Court of Mingo County was reversed and the case was remanded to the Circuit Court of Mingo County with directions to reinstate the appeal and render a decision on the merits as promptly as possible.

> *Judgment reversed;*
> *remanded with directions.*